IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| AARON JOSEPH BROTT,<br><br>Petitioner,<br><br>vs.<br><br>JOSHUA RACKI, et al.,<br><br>Respondents. | Cause No. CV 20-126-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Petitioner Brott filed this action under 28 U.S.C. § 2241 on December 29, 2020. Brott is representing himself and is a pretrial detainee. He asks the Court to order that he be released or, in the alternative, to restore his phone privileges, allow him to communicate with his family and friends, and transfer him to general population.

Brott neither paid the filing fee for a habeas corpus petition nor moved to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a). More fundamentally, however, Brott cannot proceed with this habeas action.

The grounds on which Brott seeks release are potential defenses to his prosecution. He must exhaust them in the usual manner in the courts of the State of Montana before he may proceed in this Court. *See Brown v. Ahern*, 676 F.3d 899, 903 (9th Cr. 2012); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). The

1

Court does not know the current status of his criminal cases in Cascade County, but the records of the Montana Supreme Court show no action filed in his name. *See* Fed. R. Evid. 201(b); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

Brott's requests in the alternative, concerning his outside contacts and placement in the jail, do not take aim at the fact or duration of his confinement. They challenge the conditions of his confinement. They must be raised in an action under 42 U.S.C. § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 927–28 (9th Cir. 2016) (en banc).

The petition in this case should not be converted to a civil complaint or merged with Brott's civil action. Brott has already filed an action under § 1983. *See Brott v. Bambenek*, No. CV 20-125-GF-BMM-JTJ (D. Mont. filed Dec. 29, 2020). It is likely barred by *Younger v. Harris*, 410 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). But, regardless of whether *Younger* applies, Brott did not pay the filing fee or move to proceed in forma pauperis in this action or the civil action.

This case should be dismissed. A certificate of appealability is not warranted as the procedural rules requiring dismissal are well-established. *See* 28 U.S.C. § 2253(c); *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Brott's petition (Doc. 1) should be DISMISSED.

2. A certificate of appealability should be DENIED.

3. The District Court should direct the clerk to close this matter by filing, by separate document, a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Brott may object to the Findings and Recommendations within 14 days. *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Brott must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of January, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.